UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES DANIEL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-0505 (RMC) |
| ) | |
| HOWARD UNIVERSITY *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff James Daniel Johnson sues Howard University and former employee Chris Rollins who worked in the University's printing and graphics department. Mr. Johnson alleges that in April 2011, apparently while incarcerated in a federal prison, he was "fraudulently induced" to send his poetry books to Howard.[1] Compl. [Dkt. 1] at 1. Allegedly, through telephone conversations with Mr. Rollins, Mr. Johnson was "told . . . that they would publish [his] poetry books as a public service for under privilege [sic] writers," but Mr. Rollins "who was in charge of this publication kept stringing [Mr. Johnson] along and lying to [him] about the University publishing [his] books." *Id*. Mr. Johnson seeks $3 million in damages. *Id*. at 2.

The University moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. § 1367(c). Mot. to Dismiss [Dkt. 12]. Mr. Johnson has opposed this motion. Opp'n [Dkt. 15]. Upon consideration of the parties' submissions, the Court finds that subject matter jurisdiction is wanting and, thus, will grant the

---

[1] Mr. Johnson was released from prison on January 17, 2013 [Dkt. # 4]. His current address of record is a transitional rehabilitation program in the District of Columbia.

1

University's motion to dismiss under Rule 12(b)(1).[2]

"Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). As applicable here, this Court has original jurisdiction over "civil actions arising under the Constitution laws, or treaties of the United States," 28 U.S.C. § 1331 (federal question), and "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a) (diversity).

The instant complaint alleging a common law claim of fraud does not come within this Court's federal question jurisdiction, and the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Because Mr. Johnson states that he has been a resident of the District of Columbia since 2008, Opp'n at 1 ¶ 1, 2, which, for purposes of diversity, is where the University and Mr. Rollins reside, the Court will dismiss this case under Rule 12(b)(1) for lack of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

/s/
ROSEMARY M. COLLYER
Date:   July 26, 2013                      United States District Judge

---

[2] Mr. Rollins has not been served with process and has not otherwise appeared in the case. Although Mr. Johnson now has provided an address in the District of Columbia where service of process may be attempted, *see* Mot. for Court to Serve Second Def. [Dkt. 18], the attempt would be futile because the Court cannot exercise jurisdiction over a defendant when it lacks subject matter jurisdiction over the case.